UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENNIS H., | |
| Petitioner, | Civ. No. 18-16439 (KM) |
| v. | |
| ORLANDO RODRIGUEZ et al., | OPINION |
| Respondents. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Glennis H.,[1] is an immigration detainee, presently held at the Essex County Correctional Facility, in Newark, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be granted insofar as respondents will be ordered to provide petitioner a bond hearing.

## II. PROCEDURAL HISTORY

Petitioner, a native and citizen of Antigua and Barbuda, entered the United States as a lawful permanent resident in April 2001. In April 2014, petitioner pleaded guilty to possession of marijuana with intent to distribute or dispense, under New Jersey Statutes Annotated § 2C:35-5(a) and (b)(11). Petitioner was sentenced to one year of probation.

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, petitioner is identified herein only by his first name and last initial.

On September 25, 2017, the Department of Homeland Security, Immigration and Customs Enforcement, ("ICE") arrested petitioner and initiated removal proceedings against him. Petitioner was detained under 8 U.S.C. § 1226(c) and has remained in immigration custody since that time. Petitioner explains that, on February 6, 2018, an immigration judge ordered him removed. The Board of Immigration Appeals ("BIA") dismissed an appeal from this order on July 31, 2018. Petitioner sought review from the United States Court of Appeals of the Third Circuit, which, on October 29, 2018, granted a request for a stay of removal. The proceeding before the Third Circuit remains pending.

Petitioner thereafter filed this petition for writ of habeas corpus, seeking release or an individualized bond hearing to justify his continued detention. (DE 1.) Petitioner does not dispute the initial basis for detention, but he asserts that his detention has been unduly prolonged to the point of having become unconstitutional under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), among other cases. (*See* DE 1.) He also alleges that purported retaliation for his challenges to removal has rendered his detention unduly punitive in violation of the Due Process Clause. (*Id.*) Petitioner has additionally argued that the basis for his detention changed § 1226(c) to § 1226(a) when the Third Circuit stayed his removal, and that under the latter provision, a bond hearing is required. (*Id.*)

I ordered the government to file an answer to the petition. (DE 8.) I also ordered the government to notify the Court within seven days of petitioner's release from custody, "as well as any change in the basis for petitioner's immigration detention." (*Id.*) The matter is now fully briefed.

### III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over petitioner's claims as he is detained within this district and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

Under 8 U.S.C. § 1226(c)(1), certain non-citizens with criminal convictions are subject to mandatory detention while removal proceedings are pending. *See Jennings*, 138 S. Ct. at 846–47. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held § 1226(c) to be constitutional on its face. It did so, however, on the assumption that most resulting detentions would be relatively brief. *Id.* at 517–31 ("In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.") In *Diop*, the Third Circuit applied the canon of constitutional avoidance and held that § 1226(c) "authorizes only mandatory detention that is reasonable in length." *Diop*, 656 F.3d at 231–35. Thus, it found that the statute contains an implicit requirement that detained persons, at some point, receive bond hearings to warrant ongoing detention. The point at which a bond hearing would be required, however, would depend on all the facts of the case. In *Chavez-Alvarez* the Third Circuit confirmed that there is no set point at which detention under § 1226(c) crosses the permissible line, but

3

announced a rule of thumb that detention would become constitutionally suspect at some point between 6 and 12 months.[2] *See Chavez-Alvarez*, 783 F.3d at 473–78.

In *Jennings*, however, the Supreme Court abrogated the direct holdings of *Diop* and *Chavez-Alvarez*, as a matter of statutory interpretation. Specifically, *Jennings* held that § 1226(c) does not require bond hearings to justify ongoing detention and that the canon of constitutional avoidance may not be employed to read such a requirement into the statute. *Id.* at 842, 846–47. The government acknowledges, however, that the *Jennings* Court did not directly analyze the constitutionality of particular detentions under § 1226(c).

Putting these holdings together, I agree with Judge Wigenton that one challenge to a § 1226(c) detention still remains available: "an individualized as applied constitutional challenge to the statute." *Dryden v. Green*, 321 F. Supp. 3d 496, 501–02 (D.N.J. 2018) (citing *Jennings*, 138 S. Ct. at 851–52). To put it another way, for a petitioner in this situation, "*Jennings* leaves open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner."[3] *Id.* at 502. Indeed, respondents concede that a person detained under § 1226(c) may, in the right circumstances, bring an as-applied challenge to the constitutionality of ongoing detention.

The post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*. Whether detention under § 1226(c) is constitutional continues to be "a function of the length of the detention," whereby "the constitutional case for

---

[2] The *Chavez-Alvarez* Court reasoned that, at least where the government fails to show bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [suggested by *Demore*], and certainly by the time [the petitioner] has been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478.

[3] I have abbreviated the reasoning of Judge Wigenton's opinion, with which I agree. In dictum, while discussing a detention under a different section, § 1226(a), the Third Circuit recently noted that "*Jennings* did not call into question the *constitutional* holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (emphasis added); *see also Dryden*, 321 F. Supp. 3d at 502.

4

continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 232, 234; *see also Chavez-Alvarez*, 783 F.3d at 474–75. Thus, at some point, detention under § 1226(c), in an individual case, may become "so unreasonable as to amount to an arbitrary deprivation of liberty" in violation of the Due Process Clause. *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

No particular number of months marks the border between constitutional and unconstitutional detention, but some guidelines can be gleaned from the case law. Judges in this district have previously found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention. *See, e.g.*, *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months).

Here, petitioner has been detained for over 21 months. The government contends that the petitioner is to blame for prolonging his detention by requests for adjournments, appeals, and other legal maneuvers. There is no allegation or indication, however, that petitioner pursued those applications in bad faith or for the purposes of delay. I am wary, moreover, of making any ruling that would "effectively punish [the petitioner] for pursuing applicable legal remedies." *Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270–71 (3d Cir. 2012) (internal quotation marks omitted), *abrogated in part and on other grounds by Jennings*, 138 S. Ct. at 847.

Given these circumstances and the length of petitioner's detention, I conclude that continuing the detention without at least a bond hearing would exceed the bounds of due process

under the Fifth Amendment. That is to say that it would be an unconstitutional application of § 1226(c) in the circumstances of this particular case. Accordingly, I will order the government to provide petitioner with a bond hearing within 14 days.[4]

Having granted the relief to which petitioner is entitled, I do not reach his argument that his detention should be treated as falling under § 1226(a) following the stay of removal issued by the Third Circuit. (*See* DE 1 ¶¶ 62–66.)

## IV. CONCLUSION

For the foregoing reasons, the habeas petition (DE 1) will be granted insofar as I will order that petitioner receive a bond hearing within 14 days. An appropriate order follows.

DATED: July 2, 2019

KEVIN MCNULTY
United States District Judge

---

[4] I note that petitioner also contends that ICE officers have attempted to deter him from challenging his removal and have retaliated against him for his efforts to do so. (*See* DE 1 ¶¶ 45–51.) To remedy these alleged harms, petitioner demands release from custody. (*Id.*) Claims concerning deprivation of access to the courts or retaliation for exercise of constitutional rights typically sound in civil claims for injunctive relief or damages. In any case, petitioner has not pointed to any legal precedent supporting the position that distinct rights violations may form a basis for ordering release from detention that is otherwise legally justified.

6